IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILLY DeBOW, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-cv-00246 |
| ) | |
| WARDEN CHERRY LINDAMOOD, ) | Judge Campbell |
| WHITEVILLE CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner Billy DeBow, Sr. has filed a *pro se* petition under 28 U.S.C. § 2254 to obtain relief from his 1999 first-degree murder conviction (ECF No. 1). The petitioner seeks to proceed *in forma pauperis*. Because it appears from the petitioner's application that he lacks sufficient funds to pay the filing fee, the application (ECF No. 2) is **GRANTED**.

In his present petition, DeBow challenges his 1999 conviction in the Sumner County Criminal Court, Case No. 358-1998, for first-degree murder. He raises claims based on the ineffective assistance of counsel and the insufficiency of the evidence used to convict him. In 2010, the petitioner brought a § 2254 petition in this Court challenging the same conviction and raising essentially the same claims: ineffective assistance of counsel and insufficiency of the evidence. *DeBow v. Bell*, No. 3:10-cv-01003 (M.D. Tenn. Oct. 21, 2010 (habeas petition)). That petition was denied and dismissed with prejudice on statute of limitations grounds. *Id.* (M.D. Tenn. Oct. 28, 2010 (memorandum opinion, ECF No. 3) and Dec. 14, 2010 (order of dismissal, ECF No. 9)). It therefore appears that the present petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b). *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (finding that prior dismissal of a habeas petition on timeliness grounds rendered a subsequent petition a "second or successive" petition under § 2244(b)); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as a "prior application" for purposes of the limitations on second or successive petitions). *Cf. In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that the denial of a habeas claim on the basis that it was procedurally defaulted constitutes a determination on the merits for purposes of § 2244(b)).

Prior to filing a second or successive § 2254 petition, a petitioner must file a motion "in the appropriate

court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the Sixth Circuit, when a prisoner has filed a second or successive habeas petition in the district court without first obtaining authorization from the court of appeals, the district court must transfer the case to the Sixth Circuit for consideration in accordance with standards set forth in § 2244(b). *In re Smith*, 690 F.3d 809, 809–10 (6th Cir. 2012). Absent authorization from the Sixth Circuit, this Court lacks jurisdiction to consider the merits of the claims in a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Accordingly, the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Smith*.

It is so **ORDERED**.

_____
Todd Campbell
United States District Judge